IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEBRA SUE PATTISON,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-625-GPM |
| | ) |
| **MELODY HULETT, et al.,** | ) |
| | ) |
| Respondents. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner Debra Sue Pattison, currently incarcerated in the Logan Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of her confinement. She seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and the Court finds that she is indigent. Therefore, the motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

### THE PETITION

In 2003, Pattison pleaded guilty in White County, Illinois, to one count of predatory criminal sexual assault of a child under 13; she currently is serving a 20-year sentence. After pursuing her direct appeal and post-conviction proceedings in state court, Pattison now presents four separate grounds for relief in her federal habeas corpus petition:

- ineffective assistance of counsel in failing to advise her that sentences could be run concurrently;

- the state's attorney withheld evidence;

- no child pornography was found on her computer; and

- hearsay evidence was improperly considered.

### APPOINTMENT OF COUNSEL

Before the Court is Pattison's motion for appointment of counsel (Doc. 3). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). While civil litigants do not have a constitutional or statutory right to counsel, the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Appointment of counsel for a habeas petitioner is within the district court's discretion and is governed by standards similar to those followed in other civil cases. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

When presented with a request to appoint counsel in a civil case, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, it appears Pattison has made at least one attempt to obtain counsel, but that effort was unsuccessful.

With regard to the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.*; *see also Santiago*, 599 F.3d at 762-64. At this point in time, it is difficult for the Court to assess this factor. *See Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir.

2010) (noting infancy of case makes it impossible to make accurate determination of plaintiff's abilities to litigate case). The petition appears to be coherent, and the Court is able to comprehend the gist of Pattison's claims without much difficulty. At this time, Respondent has not yet filed a reply or answer to the petition. While counsel might be helpful to Pattison if an evidentiary hearing is held, the Court has not yet determined whether an evidentiary hearing will be required for this case. Future developments may change the Court's mind on whether counsel should be appointed. At this early stage, though, the Court concludes that Pattison appears to be competent to litigate her case. Therefore, her motion for appointment of counsel is **DENIED** without prejudice.

### **PARTIES**

Before further proceedings are ordered, a few words about the named respondents are necessary. Pattison names as a respondent not only the warden of her prison but also the Attorney General of Illinois. This practice is quite common among *pro se* litigants in this District, but the only proper respondent in a collateral attack is Pattison's custodian. As stated clearly by the Seventh Circuit,

> The Attorney General of [Illinois] is the state's lawyer, not the prisoner's custodian. If the petitioner is in prison, the warden is the right respondent. If the petitioner is on parole, the parole board or equivalent should be named. *A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody.*

*Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (emphasis added); *see also Cruz v. Warden of Dwight Correctional Center,* 907 F.2d 665, 665 n. 1 (7th Cir. 1990); Rules 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts. Because Pattison is incarcerated, the only proper respondent is Warden Hulett. The Attorney General of Illinois is **DISMISSED** as a party and should not appear as a litigant in any future § 2254 case except under

the conditions specified in Rule 2(b).

**SUMMARY**

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of her continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice will result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: 11/01/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge