IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEBRA SUE PATTISON,

Petitioner,

vs.  No. 10–cv–00625–DRH–SCW

SHERYL THOMPSON,

Respondent.

## MEMORANDUM & ORDER

HERNDON, Chief Judge:

### I. Introduction

On May 10, 2006, Petitioner pled guilty to one count of predatory criminal sexual assault in the Circuit Court of White County. Petitioner was sentenced to twenty years and is currently serving her term at Lincoln Correctional Center. On August 16, 2010, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. She raised four different grounds for relief: 1) prior to entering a guilty plea, she was not told that any sentences could potentially run concurrently; 2) the White County State's Attorney withheld evidence that would have exonerated petitioner; 3) no child pornography was found on her computer; and 4) the statements of potential witnesses were hearsay. A response is on file, with supporting exhibits (Doc. 10), and Petitioner has filed her reply (Doc. 18). For the following reasons, Petitioner Debra Sue Patterson's Petition for Habeas Corpus (Doc. 1) is **DENIED.**

## II. Factual & Procedural Background

The facts determined by a state court are presumed to be correct in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e); *Badelle v. Correll*, 452 F.3d 648, 659 (7th Cir. 2006). The following factual background relating to the instant petition has been taken from the Rule 23 unpublished decision rendered by the Illinois Fifth District Appellate Court on July 12, 2007 (Case No. 5-06-0668) (Doc. 10-4) upholding the trial court's denial of Petitioner's request to withdraw her guilty plea; from the appellate court's Rule 23 order rendered on May 04, 2009 (Case No. 05-CF-104) (Doc. 10-6) affirming the trial court's finding that Petitioner's motion for post-conviction relief was patently frivolous; and from the appellate court's Rule 23 Order of March 26, 2010 denying Petitioner's appeal requesting post-conviction relief based on new evidence (Case No. 05-CF 104)) (Doc. 10-9).

### A. Guilty Plea & Sentencing

Petitioner pled guilty in the circuit court of White County to one count of predatory criminal sexual assault of a child in violation of section 12-14.1(a)(1) of the Illinois Criminal Code of 1961. (Doc. 10-12, p. 114). The charge was based on Petitioner's digital penetration of her eight-month-old granddaughter's vagina. (Doc. 10-12, p. 6). In exchange for pleading guilty, prosecutors agreed to drop one count of predatory criminal sexual assault of a child predicated on licking N.J.'s rectum, one count of aggravated criminal sexual abuse based on kissing and licking the infant's vaginal area, and one count of child pornography based on

her knowing depiction of these acts on a computer equipped with a Webcam. (Doc. 10-12, p. 6). The prosecutor also agreed to recommend a sentence of twenty (20) years plus three (3) years supervised release. (Doc. 10-12, p. 115).

Prior to entering her plea, Petitioner was examined by psychologist Michael E. Althoff, Ph.D. (Doc. 10-12, pp. 97-105). He found that Petitioner was oriented to her surroundings, not suffering from delusions, and had normal thought patterns. (Doc. 10-12, pp. 97-105). He did not find any significant defect in her reasoning or understanding, and found that she could assist her own legal defense. (Doc. 10-12, pp. 97-105). Although Petitioner was taking anti-anxiety medication and suffered from anxiety and depression, Dr. Althoff found that her pathology would not interfere with her competency. (Doc. 10-12, pp. 97-105).

Additionally, the judge found there was a factual basis for Petitioner's plea. (Doc. 10-4, pp. 3-4; Doc. 10-13, p. 177). Specifically, the judge noted that police had found a chat log in which Petitioner discussed her acts of sexual abuse with N.J. (Doc. 10-4, pp. 3-4; Doc. 10-13, pp. 176-77). Petitioner also confessed to the crimes on video, as did her husband, Alfred T. Pattison. (Doc. 10-4, pp. 3-4; Doc. 10-13, pp. 176-77). Finally Dr. Deanna St. Germain, D.O. examined the victim and found evidence of vaginal penetration. (Doc. 10-4, p. 4; Doc. 10-13, pp. 176-77).

Ultimately, the circuit court judge found that Petitioner had freely made a knowing and voluntary plea with a factual basis. (Doc. 10-4, p. 4; Doc. 10-13, p. 177). He then sentenced Petitioner in accordance with the terms from her deal.

(Doc. 10-4, p. 4; Doc. 10-13, p. 178). Approximately three weeks later, Petitioner moved the court through counsel to withdraw her plea. (Doc. 10-4, p. 4). Petitioner alleged that her plea was made while she was under stress, anxiety, depression, and coercion from her parents. (Doc. 10-4, p. 4). However, Petitioner admitted at the hearing that she had not been threatened, and was fully advised of her rights and the potential legal consequences of making a plea. (Doc. 10-4, p. 4-5). The judge found her motion reflected merely a change of heart and declined to grant it. (Doc. 10-4, p. 5).

**B.     Direct Appeal**

On direct appeal, Petitioner argued that the trial court erred in refusing to withdraw her guilty plea because the record reflected that Petitioner had been: 1) under the influence of drugs to treat her confusion, depression, and anxiety; 2) unfamiliar with criminal court proceedings; 3) coerced by her parents into pleading guilty; and 4) Petitioner claimed she was innocent. (Doc. 10-1, p. 2). The appellate court affirmed the trial court decision. (Doc. 10-4). Petitioner failed to appeal to the Illinois Supreme Court, and admits as much in her Petition for habeas relief. (Doc. 1, p. 5).

**C.     Petition for State Postconviction Relief**

Petitioner filed a *pro se* petition for postconviction relief (PCR) in February 2008. She alleged that her due process rights were violated under the 5th and 14th Amendments; her right to "have compulsory process to obtain witnesses" was violated under the 6th Amendment; that her constitutional rights under the

8th Amendment were violated because her bail was set at $300,000; and further alleged an unspecified violation of the 4th Amendment's requirement of probable cause. Her counsel at that time filed a Motion to Withdraw, which argued that Petitioner's appeal had no merit. (Doc. 10-5). Petitioner did not include any facts other than these allegations and the circuit court dismissed the petition as frivolous and without merit. The appellate court once again affirmed, and Petitioner failed to file a PLA to the Illinois Supreme Court. (Doc. 18, p. 4).

On July 8, 2008, Petitioner filed another petition for a relief judgment under 735 ILCS 5/2-1401 alleging that, in a phone conversation with her daughter, she discovered the existence of another medical report indicating that N.J. had not been sexually abused. On September 9, 2008, the circuit dismissed the petition for being untimely and also found that Petitioner had failed to meet the statutory requirements. Petitioner then filed an amended §2-1401 petition, reasserting the same claims and further alleging that the report had been fraudulently concealed from her. The trial court again dismissed the claims, finding that Petitioner had not pled facts in support of her allegation of fraudulent concealment, and that the medical report in and of itself would not have been dispositive of her innocence. Petitioner appealed both decisions, which were eventually consolidated. The appellate court affirmed the trial court's disposition of the issues. Specifically, the appellate court found:

> . . . [A] section 2-1401 petitioner seeking relief on the basis of newly discovered evidence must show that the evidence was unknown to her at the time of the trial and could not have been discovered with the exercise of reasonable diligence. In the present

> case, Pattison alleged no facts which would support a finding that she could not have discovered the medical report in question through the exercise of due diligence. Although Pattison alleged in her amended petition that the report had been fraudulently concealed by the State, she made no factual allegations supporting this claim. It is insufficient to merely allege that grounds for relief were "fraudulently concealed." *Masters v. Smythe*, 124 Ill. App. 474, 476; 259 N.E.2d 399, 401(1970). Rather, a petitioner must demonstrate, through specific factual allegations, affirmative acts or representations by the respondent that were designed to prevent the discovery of the purported grounds for relief. *Crowell v. Bilandic*, 81 Ill.2d 422, 428; 411 N.E.2d 16, 18 (1980)
>
> Moreover, we agree with the circuit court that even if the medical report in question exists and states what Pattison alleges that it states, it would not be of such a conclusive character that it would probably result in acquittal if her guilty plea were to be set aside and she were to stand trial. At the guilty plea hearing, the State set forth the factual basis for the plea, indicating that had the matter gone to trial, the State would have introduced Pattison's videotaped confession to police wherein she admitted placing her finger in the victim's vagina. The State would have also introduced evidence from Pattison's husband that he observed Pattison place her finger in the victim's vagina and testimony from Dr. St. Germaine that she had examined the victim and had found evidence of sexual penetration. Under these circumstances, it is improbable that the alleged newly discovered evidence would change the result on retrial. (Doc. 10-9, pp. 5-6).

This time, Petitioner filed a PLA, which was denied on May 26, 2010. (Doc. 1-1).

On August 16, 2010, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent filed a response on December 27, 2010. (Doc. 10) The Petition ripened with Petitioner's February 22, 2011 Reply (Doc. 18). Having thoroughly reviewed the record, the Court **DENIES** Debra Sue Pattison's petition for habeas corpus relief.

### III. <u>Analysis</u>

Section 2254 permits federal courts to entertain an application for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).

But as a threshold matter, a habeas petition shall not be granted unless the applicant has exhausted his State court remedies. 28 U.S.C. § 2254(b)(1)(A). Inherent in a petitioner's obligation to exhaust her state court remedies is the duty to fairly present her federal claims to the state courts. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). Fair presentment requires the petitioner to assert her federal claim through one complete round of state-court review, *id.*, and contemplates that both the controlling legal principles and the operative facts must be submitted to the state courts. *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). Determining whether a petitioner fairly presented his claims requires examining the arguments in her state appellate briefs. *See Malone v. Walls*, 538 F.3d 744, 753–54 (7th Cir. 2008) (citing *Dye v. Hofbauer*, 546 U.S. 1, 3–4 (2005)).

Closely related to the exhaustion doctrine is the doctrine of procedural default. *Perrequet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). When a habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court, and the opportunity to raise that claim in state court

has passed, the petitioner has procedurally defaulted that claim. *Id.* The doctrine of procedural default is subject to two equitable exceptions: a procedural default will bar a federal court from granting habeas relief unless (1) the petitioner demonstrates cause for the default and prejudice resulting therefrom, or (2) she convinces the court that a miscarriage of justice would result if his claim were not entertained on the merits. *Badelle v. Correll*, 452 F.3d 648, 661 (7th Cir. 2006); *Perrequet*, 390 F.3d at 514.

### A.     Pattison's Procedurally Defaulted Claims

The Court has thoroughly examined Petitioner's briefs from her direct appeal (Docs. 10-1 and 10-3), her Response to Counsel's Motion to Withdraw in her consolidated appeal for Nos. 5-08-490 and 05-09-09 (Doc. 10-8), and her petition for leave to appeal (Doc. 10-10) as well as all exhibits. Additionally, the Court has reviewed with particularity "Exhibit L," (Docs. 12 & 13), which is the complete file of Petitioner's initial state court proceedings. Comparing those documents to the instant habeas petition, and mindful that it is proper to make a generous interpretation of a habeas petitioner's state court filings in considering default, *Lewis v. Sternes*, 390 F.3d 1019, 1027 (7th Cir. 2004), the undersigned concludes that, by failing to present them through a complete round of state court review, Petitioner has procedurally defaulted several of her claims for relief here.

In claim one, Petitioner alleges that the difference between consecutive and concurrent sentences was never explained to her. Petitioner never raised this issue in her direct appeals or her motions for post-conviction relief, as

demonstrated by page 8 of her petition. (Doc. 1). In fact, Petitioner raises this issue for the first time in this habeas petition. Therefore, the undersigned finds that this claim is procedurally defaulted for failure to complete one round of state court review.

Claim three is likewise procedurally defaulted. In claim three, Petitioner alleges that no child pornography was ever found on her computer. As an aside, Petitioner's claim here mis-understands the charges brought against her. Petitioner was not charged with downloading, storing, and viewing child pornography from the internet; Petitioner was charged with using a webcam to stream her pornographic activities to the internet. However, for the purposes of this Petition for habeas relief, the inquiry is into whether this claim was properly raised and exhausted at the state level. Petitioner represented in her Petition that she never raised this issue in state court, and the undersigned so finds. (Doc. 1, p. 9). Therefore, this claim is likewise procedurally defaulted.

Finally, in claim four, Petitioner alleges that the videotaped confession of her estranged husband, Alfred Pattison is inadmissible hearsay. Like Claims 1 & 3, Petitioner admits in her pleadings that she never raised this issue in state court. (Doc. 1, p. 10). Therefore, Claim 4 is also procedurally defaulted and will not be considered here.

Although procedural default is not an absolute bar to habeas relief, *Eichwedel v. Chandler*, 696 F.3d 660, 669 (7th Cir. 2012), a federal court may consider a defaulted claim only if petitioner can establish cause and prejudice for

the default or that the failure to consider the claim would result in a fundamental miscarriage of justice, *Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009). Petitioner says that she failed to raise the above three issues at the state court level because she did not raise them in her initial petition for post-conviction relief. That is Petitioner's own fault, and while she is correct that failing to raise these issues in her initial petition for post-conviction relief barred those claims at the state level, it also bars them here. Petitioner cannot plead that she is excused from procedurally defaulting because she procedurally defaulted at the state level. Petitioner will not be able to show "an error which so infected the entire trial that the resulting conviction violates due process." *See Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010). Indeed, Petitioner makes no argument for either prejudice or a fundamental miscarriage of justice. And the Court notes that many of her procedurally defaulted claims are irrelevant in light of her guilty plea. The Court cannot excuse her defaulted claims. *See Crockett v. Hulick*, 542 F.3d 1183, 1193 (7th Cir. 2008) (Petitioner failed "to argue either [cause and prejudice or fundamental miscarriage of justice], and so we cannot consider his claim.").

### B. Pattison's Non-Defaulted Claim

The authority of federal courts to issue habeas corpus relief for persons in State custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Harrington v. Richter*, 131 S.Ct. 770, 783 (U.S. 2011). While § 2254 does not impose a complete bar on federal court relitigation of claims already rejected in state proceedings, the

hurdle is a high one. *Id.* at 786. A court cannot grant a writ to a petitioner in State custody "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d). *Accord Malone v. Walls*, 538 F.3d 744, 757 (7th Cir. 2008).

Under the "contrary to" clause, a writ may be issued only if the state court applied a rule that contradicts the governing law set forth by the Supreme Court or if the state court reached a different outcome based on facts materially indistinguishable from those previously before the Supreme Court. *Morgan v. Hardy*, 662 F.3d 790, 797 (7th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). Under the "unreasonable application" clause, a federal court may grant relief if the state court identifies the correct governing legal principle from Supreme Court precedent, but unreasonably extends it (or refuses to extend it to a new context where it should apply). *Resendez v. Smith*, 692 F.3d 623, 626 (7th Cir. 2012); *Morgan*, 662 F.3d at 797. And factual findings made by both the state trial court and the appellate court reviewing the trial record are presumed to be correct unless the petitioner rebuts the presumption by clear and convincing evidence. *Ben-Yisrayl v. Buss*, 540 F.3d 542, 546 (7th Cir. 2008).

On habeas review, a federal court should treat a state court's decision with "deference and latitude." *Harrington*, 131 S.Ct. at 785. The inquiry is not whether the state applied federal law incorrectly, but rather whether the state court applied federal law unreasonably. *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). A state court's determination that a claim lacks merit therefore precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision. *Harrington*, 131 S.Ct. at 785 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). Section 2254(d) does not require a state court to give reasons before its decision can be deemed "adjudicated on the merits." *Harrington*, 131 S.Ct. at 785. It may be presumed, when the state court has denied relief on a presented federal claim, that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary. *Id. See also Johnson v. Williams*, 133 S.Ct. 1088, 1096 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted."). When the presumption applies, courts must determine what arguments or theories could have supported the state court's decision. *Id.* at 786; *Eichwedel v. Chandler*, 696 F.3d 660, 672 (7th Cir. 2012). On a § 2254 petition, federal courts assess the decision of the last state court to rule on the merits of a prisoner's claim. *Franklin v. Sims*, 538 F.3d 661, 664 (7th Cir. 2008). If a claim was not

adjudicated on the merits by a state court, federal courts must dispose of the matter as law and justice require. 28 U.S.C. § 2243; *Eichwedel*, 696 F.3d at 671.

Bearing in mind the deference and latitude afforded state courts, this Court now turns to Pattison's sole remaining claim for relief. The Court construes Petitioner's vague claim broadly and assumes Petitioner is attempting to raise the same claim she raised at the state level regarding the second medical report.

Petitioner's claim two addresses the medical history of her minor victim. Petitioner claims that there is a second medical report. In her PLA to the State Supreme Court, she indicated that Dr. St. Germain—the same doctor who performed the medical exam in the record on July 6, 2005—performed the alleged second exam on July 8, 2005. (Doc. 10-10, p. 7). Petitioner has alleged that she has requested a copy of this exam four times and been denied. (Doc. 10-10, p. 7). Petitioner has not attached a copy of the report to any of her filings at the state or federal level. Allegedly, the July 8, 2005 report shows that the allegation of sexual abuse was "unfounded."[1] Petitioner claims that the State withheld this evidence from her fraudulently. She also claims this evidence would have given her a fair trial.

Petitioner's claim turns on the application of 735 ILCS 5/2-1401, a section of the Illinois State Code of Criminal Procedure. The appellate court noted that

---

[1] The undersigned notes that the medical report in the trial court record is dated July 6, 2005, signed by Dr. St. Germain, and contains a statement that an earlier unrelated allegation of abuse was "unfounded." Based on these similarities, the undersigned is skeptical that a second medical report dated July 8, 2005 and also signed by Dr. St. Germaine exists. However, the analysis performed here does not require the Court to rule on this issue, and the Court declines to do so here.

the purpose of this section is to permit defendants to challenge factual errors made in the presentation of their case which were 1) previously unknown at the time of trial and 2) would have prevented the entry of the judgment. (Doc. 10-9, p. 3). The appellate court specifically made factual findings that "Pattison alleged no facts which would support a finding that she could not have discovered the medical report in question through the exercise of due diligence." (Doc. 10-9, p. 5). The appellate court likewise found that "even if the medical report in question exists and states what Pattison alleges that it states, it would not be of such conclusive character that it would probably result in an acquittal if her guilty plea were to be set aside and she were to stand trial." (Doc. 10-9, p. 5). The appellate court specifically considered the other evidence against Petitioner, including her videotaped confession, her husband's videotaped confession, and Dr. St. Germaine's testimony. (Doc. 10-9, p. 5). The decisions of the appellate court are clearly the application of facts to a question of state law. Petitioner has never pled that her claim regarding the second medical report raises constitutional issues, either in this forum or in the state courts.

Petitioner's second claim, then, is not cognizable under federal habeas relief. It turns on a question of state law, and "errors in state collateral review cannot form the basis for federal habeas corpus relief." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996). *See also Resendez v. Smith*, 692 F.3d 623, 628 (7th Cir. 2012) ("[T]hat the state may have failed to comply with its post-conviction procedures would not raise a

cognizable federal habeas claim"); *Martin v. Evans*, 384 F.3d 848, 855 (7th Cir. 2004). Petitioner does not allege that the appellate court's decision violates any constitutional command, and it is unlikely that she could find any grounds for such an argument, especially given that her guilty plea, which is also a matter of state law, continues to stand.

Because it fails to raise any constitutional or federal law grounds for relief, and is otherwise procedurally defaulted, Pattison's petition is **DENIED**.

### IV. Certificate of Appealability

The district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. Rule 11(a), RULES GOVERNING SECTION 2254 CASES. A COA may issue only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the Court denies a petitioner's § 2254 petition on the merits and not merely for procedural reasons, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because a reasonable jurist may find the Court's decisions with respect to Petitioner's non-defaulted claims debatable, the Court grants a COA on claim two. A COA is denied as to all other claims.

## V. Conclusion

For the reasons discussed above, Petitioner Debra Pattison's § 2254 Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Court grants a certificate of appealability on Claim 2, as described above.

**IT IS SO ORDERED.**

Signed this 18th day of June, 2013.

David R. Herndon
2013.06.18
12:12:18 -05'00'

**Chief Judge
United States District Court**