IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEBRA SUE PATTISON,

Petitioner,

v.

SHERYL THOMPSON,

Respondent.                                  No. 10-cv-625-DRH-SCW

MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending now before the Court is respondent's motion to vacate order for a certificate of appealability (Doc. 24).  Also before the Court are petitioner's motion for a certificate of appealability (Doc. 25) and motion for leave to appeal *in forma pauperis* (Doc. 27).  For the following reasons, the Court **GRANTS** respondent's motion to vacate, **VACATES** the order for certificate of appealability, and **DENIES** petitioner's motion for certificate of appealability and motion for leave to appeal *in forma pauperis*.

Petitioner pled guilty to one count of predatory criminal sexual assault in the Circuit Court of White County.  She was sentenced to twenty years, currently serving her term at Lincoln Correctional Center.  On August 16, 2010, petitioner filed her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This Court denied Pattison's petition, but issued a certificate of appealability on petitioner's second claim.  On June 26, 2013, respondent filed a motion to vacate the certificate of appealability.  Respondent argues that for a certificate of

appealability to be granted, a substantial federal constitutional issue must be present, and Pattison's claim is non-cognizable.

A certificate of appealability may be issued only if the prisoner has at least one substantial constitutional question for appeal. 28 U.S.C. § 2253(c)(2). The certificate must identify each substantial constitutional question. *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

Here, Pattison claimed that there was a second medical report on her minor victim that would have shown the allegation of abuse to be unfounded. The Court noted that Pattison's claim is only for a state law claim and not a federal question, and that Pattison never argued that her claim raised constitutional issues. Thus, the Court erroneously granted petitioner a certificate of appealability on this claim, and it now **VACATES** that order. Further the Court **DENIES** petitioner's motion to issue a certificate of appealability, for the reasons stated above.

As to petitioner's motion for leave to appeal *in forma pauperis* (Doc. 27), the Court finds the motion is without merit. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A plaintiff is "acting in bad faith in the more common legal meaning of the term . . . [when she sues] . . . on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Further, "an appeal in a frivolous suit cannot be 'in good faith' under § 1915(a)(3),

because 'good faith' must be viewed objectively." *Moran v. Sandalle*, 218 F.3d 647, 650 (7th Cir. 2000), *See also Lee*, 209 F.3d at 1026; *Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995) ("[T]he granting of leave to appeal in forma pauperis from the dismissal of a *frivolous* suit is presumptively erroneous and indeed self-contradictory.")

The Court dismissed defendant's petition for habeas relief because she failed to raise three of her four claims at the state level, and having done so, failed to demonstrate that the failure of this Court to consider these claims would result in any prejudice or fundamental miscarriage of justice. As to her fourth claim, the Court dismissed it because it is based on a question of state law and thus, cannot form the basis for federal habeas corpus relief. *See Estelle , McGuire*, 502 U.S. 62, 67 (1991). Defendant failed to make a substantial argument that the Court erred in resolving defendant's non-constitutional questions, and therefore denying her request for a certificate of appealability.

Thus, the Court **CERTIFIES** that this appeal is not taken in good faith; accordingly, the motion for leave to proceed *in forma pauperis* on appeal is **DENIED**. Pattison shall tender the appellate filing and docketing fee of $455 to the Clerk of the Court in this District, or he may reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal.

The Court hereby **GRANTS** respondent's motion to vacate Pattison's certificate of appealability (Doc. 24), **VACATES** the grant of a certificate of appealability on Pattison's second claim, **DENIES** Pattison's motion to issue a

certificate of appealability (Doc. 25) and **DENIES** Pattison's motion for leave to appeal *in forma pauperis* (Doc. 27).

**IT IS SO ORDERED.**

Signed this 21st day of August, 2013.

Digitally signed by David R. Herndon
Date: 2013.08.21 16:01:08 -05'00'

**Chief Judge**
**United States District Court**